GLENN M. LOOS, Senior Trial Attorney, VA SBN 29230
ERIC C. LUND, Trial Attorney, DC SBN 450982
Office of the Solicitor, Plan Benefits Security Division
United States Department of Labor
200 Constitution Avenue, N.W., Room N-4611
Washington, DC 20210
Telephone: (202) 693-5600, Facsimile: (202) 693-5610
loos.glenn@dol.gov
lund.eric@dol.gov

Local Counsel:
Danielle Jaberg, Counsel for ERISA, CA SBN 256653
Office of the Solicitor, United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7750, Facsimile: (415) 625-7772

Attorneys for Plaintiff Thomas E. Perez
Secretary of Labor, United States Department of Labor

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Acting Secretary of the United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS WEBB, MATHIEU FIDIAM, J. ROBERT GALLUCCI, CONSULTING FIDUCIARIES, INC., and THE PARROT CELLULAR EMPLOYEE STOCK OWNERSHIP PLAN, <br><br> Defendants. | Civil Action No. C 12-2055 EMC <br><br> **SETTLEMENT AGREEMENT AND [PROPOSED] CONSENT ORDER AND JUDGMENT** <br><br> ERISA 29 U.S.C. § 1001, et seq. |

**Settlement Agreement and [Proposed] Consent Order and Judgment**
Case No. C 12-2055 EMC

Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor ("Secretary"), and Defendants Dennis Webb ("Webb"), Mathieu Fidiam ("Fidiam"), J. Robert Gallucci ("Gallucci"), Consulting Fiduciaries, Inc. ("CFI") and the Parrot Cellular Employee Stock Ownership Plan [1] (the "ESOP" or "Plan") (collectively, "Defendants"), by and through their respective attorneys, have negotiated an agreement to settle all civil claims and issues between them in the above-captioned action (the "Action") as set forth below. The Secretary and Defendants are hereinafter referred to collectively as the "Parties". The Parties each consent to the entry of this Consent Order and Judgment ("Order") by the United States District Court for the Northern District of California (the "Court") as the sole and complete memorialization of the terms of such agreement.

1. The Action was filed by the Secretary pursuant to the Secretary's authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended.

2. The Secretary's Complaint alleges, among other things, that Defendants violated ERISA in connection with the ESOP's purchase of stock of Entrepreneurial Ventures, Inc. ("EVI") on November 21, 2002 for more than its fair market value.

3. The Defendants each filed Answers in which they deny liability.

4. The Parties admit that the Court has jurisdiction over the Parties to and the subject matter of this Action.

5. Defendants waive the notice of assessment of a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), in connection with the settlement and waive the service requirement of 29 C.F.R. § 2570.83.

6. Defendant CFI represents, and the Secretary has confirmed, that CFI was dissolved as of December 2011 and has no assets.

---

[1] The Parrot Cellular Employee Stock Ownership Plan is named in the Secretary's complaint solely as a party necessary for complete relief.

Settlement Agreement and [Proposed] Consent Order and Judgment
Case No. C 12-2055 EMC

2

1  7. The parties agree to waive findings of fact and conclusions of law by the Court
2 and agree to entry of this Consent Order and Judgment.
3  Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that:

### I. JURISDICTION

The Court has jurisdiction over the parties to this Order and subject matter of this action and is empowered to provide the relief herein.

### II. MONETARY RELIEF

A. Within thirty (30) days of entry of this Order, CFI will cause its insurer to pay the sum of $2,000,000 (two million dollars) to the ESOP. Payment of the penalty is waived as to CFI pursuant to ERISA § 502(l)(3)(B), 29 U.S.C. § 1132(l)(3)(B).

B. Within twenty (20) days of entry of this Order, Webb, Fidiam and Gallucci will cause their insurer to pay the sum of $1,650,000 (one million six hundred-fifty thousand dollars). The $1.65 million shall be paid as follows: $1,500,000 (one million five hundred thousand dollars) shall be paid to the ESOP; and $150,000 (one hundred fifty thousand dollars) shall be paid as a penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).

C. Within twenty (20) days of entry of this Order, Webb shall personally pay the sum of $750,000 (seven hundred fifty thousand dollars). The $750,000 shall be paid as follows: $681,818 (six hundred eighty -one thousand eight hundred eighteen dollars) shall be paid to the ESOP; and $68,182 (sixty-eight thousand one hundred eighty-two dollars) shall be paid as a penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).

D. The payments described in Section II, Paragraphs B. and C. relating to the civil penalty under ERISA § 502(l) shall be paid via regular mail to the following address:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360

The check will be made payable to the United States Department of Labor and will reference EBSA Case No. 70-013279(48). If Defendants wish to remit a check by express

...
...
...

courier, they agree to contact Soroosh Nikouei at the Department of Labor and follow his instructions.

E. No Defendant and no insurer acting on behalf of any Defendant shall seek or receive indemnification from EVI or from the ESOP for any payment required by Section II of this Order.

F. If one or more of the Defendants do not make the payments required by section II., paragraphs A. through C. of this Order: (a) the paying Defendants shall remain settled and released in accordance with the terms of this Order; (b) all non-paying Defendants waive any and all rights they may have against the paying Defendants for contribution and indemnity; and (c) the Secretary may proceed in this Action against the non-paying Defendant or Defendants as if those Defendant(s) and the Secretary had never executed this document. In addition, the Secretary shall not seek contribution and indemnity for any non-payments under this Order from the paying Defendant or Defendants who have complied with the terms of this Order. If the Court does not enter this Order, this Agreement will become void and the Parties may proceed with litigation of the Action as if they had never executed this document.

### III. RELEASES

A. The present Order and Judgment represents a full, final and complete judicial resolution of all of the civil claims alleged in the Secretary's Complaint in this Action against Defendants. The Secretary hereby expressly waives, releases and forever discharges any and all actions, claims, and demands he has or may have against Defendants that arise out of, or relate to, the transactions, events, acts or omissions and occurrences alleged in the Secretary's Complaint, as well as any and all other actions, claims and demands that he has or may have against Defendants arising out of, or in connection with, any other proceedings or investigations arising out of the facts, claims, transactions, events and/or allegations in the Action, through the date of execution of this Settlement Agreement. After a settling Defendant makes the payments required under this Order and

provides sufficient proof of payment to the Secretary, all such actions, claims and demands will be released, settled and dismissed with prejudice as to that Defendant. Released claims include any and all legal or beneficial claims, rights, demands, obligations, actions, controversies, debts, damages, losses, costs, expenses (including attorneys' fees and costs), causes of action or liabilities of any kind or nature whatsoever in law or in equity, known or unknown, asserted, unasserted, or which could have been asserted, against any of the released persons, under federal or state law, arising out of the facts, claims, transactions, events and/or allegations in the Action. Release of claims by the Secretary extend to Defendants and all related entities, family members, employees, successors, benefits plans, fiduciaries, heirs, assigns, trustees, insurers, attorneys and representatives.

B. Defendants and, as applicable, and all related entities, family members, employees, successors, benefits plans, fiduciaries, heirs, assigns, trustees, insurers, attorneys and representatives, assigns and successors in interest, do hereby release the Secretary and his officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule or regulation, that relate in any manner to the filing, prosecution, and maintenance of this matter and any other proceeding or investigation incident thereto.

C. The Secretary and each Defendant shall each bear his or its own costs, expenses, and attorneys' fees in connection with this Action.

D. Within forty-five (45) days of entry of this Order, each Defendant will provide, or cause its insurer to provide, proof to the Secretary of the Defendant's payment to the ESOP or any payment made on the Defendant's behalf to the ESOP. Such proof will include wire transfer confirmations of the payments or such other proof as may be reasonably requested by the Secretary. Any proof provided under this paragraph will be sent to the Secretary's representative at the following address:

Jean Ackerman, Regional Director
San Francisco Regional Office
U.S. Department of Labor
Employee Benefits Security Administration
90 7th Street, Suite 11-300
San Francisco, CA 94103

The Secretary will notify each Defendant of his receipt of satisfactory proof, in writing, within ten (10) days of receipt thereof.

## IV. RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the parties and subject matter of this Action for the purpose of enforcing and/or interpreting the terms of this Order. The Parties agree that their agreement memorialized in this order will be governed by California law, to the extent it is not governed by ERISA.

## V. PARTIES BOUND

By entering into this Order, the Parties hereto represent that they have been informed by Counsel of the effect and purpose of this Order and agree to be bound by its terms. This Order is not binding on, or enforceable by, any governmental agency other than the United States Department of Labor.

## VI. SIGNATORIES

The Parties hereto expressly acknowledge and represent that they have read this Order and understand its provisions.

## VII. MULTIPLE ORIGINALS

This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

It is hereby **ORDERED** that once the payments required herein are made and satisfactory proof of payment has been received by the Secretary, but no later than the fifty-fifth (55th) day after entry of this Order, all of the claims stated by the Secretary in his Complaint are dismissed with prejudice, Judgment will then be entered and this case shall be closed.

ENTERED: 10/17/13

_____
EDWARD M. CHEN
UNITED STATES DISTRICT
NORTHERN

IT IS SO ORDERED
Judge Edward M. Chen

The undersigned hereby consent to the entry of this Order:

FOR THE SECRETARY:

Date: October 9, 2013        M. PATRICIA SMITH
                             Solicitor of Labor

                             TIMOTHY D. HAUSER
                             Associate Solicitor

                             RISA D. SANDLER
                             Counsel for Fiduciary Litigation
                             Plan Benefits Security Division

                             _____
                             GLENN M. LOOS, Senior Trial Attorney
                             ERIC C. LUND, Trial Attorney
                             Office of the Solicitor
                             U.S. Department of Labor

FOR INDIVIDUAL DEFENDANTS:

Date: October 8, 2013        Donald P. Sullivan as atty for
                             CFI

Date: _____, 2013  _____
                             DENNIS WEBB

Date: Sept. 23, 2013, 2013   _____
                             MATHIEU IDIAM

Date: _____, 2013  _____
                             J. ROBERT GALLUCCI

Received Fax : Sep 26 2013 3:51PM Fax Station : TRUCKER HUSS p. 1

09/26/2013 15:53 4088668384 PARROT CORPORATE PAGE 01/01

The undersigned hereby consent to the entry of this Order:

FOR THE SECRETARY:

Date: October 9, 2013

M. PATRICIA SMITH
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor

RISA D. SANDLER
Counsel for Fiduciary Litigation
Plan Benefits Security Division

*/s/ Timothy Hauser*

GLENN M. LOOS, Senior Trial Attorney
ERIC C. LUND, Trial Attorney
Office of the Solicitor
U.S. Department of Labor

FOR INDIVIDUAL DEFENDANTS:

Date: _____, 2013

_____
CFI

Date: SepT 26, 2013

_____
DENNIS WEBB

Date: Sept. 23, 2013, 2013

_____
MATHIEU IDIAM

Date: _____, 2013

_____
J. ROBERT GALLUCCI

Settlement Agreement and [Proposed] Consent Order and Judgment
Case No. C 12-2055 EMC

8

The undersigned hereby consent to the entry of this Order:

FOR THE SECRETARY:

Date: _____, 2013    M. PATRICIA SMITH
                             Solicitor of Labor

                             TIMOTHY D. HAUSER
                             Associate Solicitor

                             RISA D. SANDLER
                             Counsel for Fiduciary Litigation
                             Plan Benefits Security Division


                             _____
                             GLENN M. LOOS, Senior Trial Attorney
                             ERIC C. LUND, Trial Attorney
                             Office of the Solicitor
                             U.S. Department of Labor

FOR INDIVIDUAL DEFENDANTS:

Date: _____, 2013    _____
                             CFI

Date: _____, 2013    _____
                             DENNIS WEBB

Date: _____, 2013    _____
                             MATHIEU FIDIAM

Date: *Sept 25*, 2013        /s/ J. Robert Gallucci
                             J. ROBERT GALLUCCI

Approved as to Form:

FOR DENNIS WEBB:

Date: September 26, 2013        /s/ R. Bradford Huss
                                R. BRADFORD HUSS
                                TRUCKER HUSS

FOR MATHIEU FIDIAM, J. ROBERT
GALLUCCI, and the PARROT CELLULAR
EMPLOYEE STOCK OWNERSHIP PLAN:

Date: September 25, 2013        /s/ James P. Baker
                                JAMES P. BAKER
                                BAKER & MCKENZIE LLP

FOR CONSULTING FIDUCIARIES INC.:

Date: October 8, 2013           /s/ Ralph Robinson
                                RALPH ROBINSON
                                WILSON ELSER MOSKOWITZ
                                EDELMAN & DICKER LLP